**AMERICAN SURETY COMPANY, a corporation, Plaintiff,**

**v.**

**Herman MORTON, Aaron Karchmer and Charles Gross, Defendants.**

**Civ. No. 3784.**

United States District Court.
E. D. Illinois.
April 29, 1958.

Wham & Wham, Centralia, Ill., for plaintiff.

Goldenhersh & Goldenhersh, East St. Louis, Ill., Hugh V. Murray, Jr., Centralia, Ill., Craig & Craig, Matton, Ill., for defendants.

JUERGENS, District Judge.

Jurisdiction of this case is founded on diversity of citizenship. The amount in controversy fairly exceeds the sum of $3,000, exclusive of interest and costs.

The complaint alleges that the defendants guaranteed payment of sums due or to become due to the Travelers Insurance Company, the Travelers Indemnity Company, and the Travelers Fire Insurance Company on accounts or bonds of indemnity and/or issue of any kind theretofore or thereafter sold or issued by or through R. F. Niblo or the R. F. Niblo Inc. Agency; that in reliance thereon the above named companies withheld termination of its agency contracts with R. F. Niblo or R. F. Niblo Inc. Agency; that R. F. Niblo or R. F. Niblo Inc. Agency became indebted to the above named companies in the amount, after deductions and setoffs, of $6,873.80 which they have failed and refused to pay.

The claims of the above named companies were duly assigned to the American Surety Company, the plaintiff in this suit.

The defendants, Herman Morton, Aaron Karchmer and Charles Gross, filed their motion for leave to bring in third-party defendants. This motion requests that the following parties be made third-party defendants in this suit: R. F. Niblo, R. F. Niblo Inc., a corporation, the Travelers Insurance Company, a corporation, the Travelers Indemnity Company, a corporation, and the Travelers Fire Insurance Company, a corporation.

It is for the purpose of deciding this motion that the cause is currently before the court.

Third-party practice, under Fed.Rules Civ.Proc. Rule 14 of Title 28 United States Code, provides that a defendant, upon leave of court, may properly bring in a person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

The sureties for R. F. Niblo Inc. Agency and R. F. Niblo are joined as defendants in this suit, while R. F. Niblo Inc. Agency and R. F. Niblo, the principals, are not so joined.

It is axiomatic that a surety is subrogated and succeeds to the right owned by the party whose obligation the surety becomes liable to pay. Therefore, it would seem that where, as here, the surety is made defendant in an action as a result of the defalcation of the party whose obligation the surety has guaranteed, that surety may properly make such party a third-party defendant to an action in which the surety is charged or is attempted to be charged for the obligation. It is that very situation which exists in this case and for which the defendant has asked leave of court to bring in R. F. Niblo Inc. Agency and R. F. Niblo as third-party defendants to this action.

R. F. Niblo Inc. Agency and R. F. Niblo are proper parties to be made third-party defendants and may, therefore, be brought into this suit as such.

The proposed third-party complaint alleges that at the time in question there was a policy of insurance issued by the Travelers Indemnity Company insuring R. F. Niblo Inc. Agency and R. F. Niblo for losses arising from employee dishonesty in a specified amount. The third-party complaint further alleges that all conditions precedent to the institution of a suit to recover under said policy have been performed.

If the allegations contained in the third-party complaint are proved as

alleged, then the Travelers Indemnity Company may be liable to the defendants in this action and under the provisions of Rule 14 may properly be made a third-party defendant to this suit.

There appears no reason in the third-party complaint why, or in what manner, the Travelers Insurance Company or the Travelers Fire Insurance Company may become liable to the defendants and, therefore, no reason is shown why the court should permit these two named parties to be made third-party defendants. The motion to bring in the Travelers Insurance Company and the Travelers Fire Insurance Company should be denied.

The court, therefore, in the exercise of its discretion, will grant the defendants' motion to bring in R. F. Niblo Inc. Agency, R. F. Niblo, and the Travelers Indemnity Company as third-party defendants to this action and deny the defendants' motion to bring in the Travelers Insurance Company and the Travelers Fire Insurance Company as third-party defendants in this action.